Taliaferro, J.
The plaintiff sues upon an account for labor done and material furnished in the construction of a house for the defendants on lot No. 6 in block No. 59 in the city of Shreveport. He claims a balance due him on his account of $1196 61, with.interest thereon from judicial demand, and a lien and privilege on the house to secure the payment of his account. He avers that a considerable portion of the labor done and material furnished by him was under contract with defendants who have the contract in their possession and refuse to *627 deliver it or a copy to him; that a considerable portion of labor and material supplied by him in the erection of the building was furnished outside of and over and above that stipulated in the contract.
The defendants deny owing the plaintiff any balance due for his labor and supply of material; that through error caused by him they have overpaid him-$772 93, and pray that they have judgment against him for that amount.
The piaintiff had judgment for $716 71 with five per cent, interest thereon from the second of April, 1874, with recognition of the lien claimed. The defendants have appealed.
A bill of exceptions was taken to the admission of testimony to show—
First — The usual custom among brick masons in measuring brick walls to ascertain the number of bricks they¡contain.
Second — The usual and customary price per thousand for laying brick in walls above sixty feet high.
Third — -The meaning among brick masons^of the phrase “brick laid and actually counted.”
Fourth — That the plan of defendants’ building was changed subsequently to the written contract between the parties ; and that the wall was raised seven or eight feet higher than the original plan called for. The objections were that there was a written contract between the parties filed in evidence by plaintiff and parol evidence was inadmissible to extend, change, alter, contradict or vary the meaning of the written act; that the written act showed the price defendants agreed to pay for every thousand brick laid; that the number of bricks put in the building were to be ascertained by actual count and not by cubic or other measure or estimate; that neither can plaintiff prove by parol the meaning of the phrase “brick laid and actually counted,” the phrase not containing words of technical meaning or of ambiguous import.
We do not regard the testimony as inadmissible. The purpose of its introduction was not to contradict or vary the purport of the written instrument but to establish an important allegation in the plaintiff’s petition, that subsequent to entering into the written agreement, he had at the special instance and request of defendants supplied a considerable amount of labor and material appropriated to the erection of the building, in addition to that specified in the written act. It was competent for him to establish by parol that, during the progress of the work, modifications in the plan were agreed upon by the parties; to show that the walls were raised higher than contemplated, and to show the customary charge for building these portions of walls that are raised above the height of sixty feet; no agreement having been *628 entered into as to the costs of building walls above that elevation because the original agreement did not contemplate a greater height than sixty feet. The objection to showing the usual acceptance of the purport of the words “brick laid and actually counted” is without weight. In point of fact the actual counting of brick in a wall is impracticable after the wall is completed. Some method or rule of computation must be resorted to, and it is competent to show the rule or method of computation in general use.
This case depends for its solution exclusively on questions of fact, and after a careful review of the evidence we conclude that it preponderates in favor of the plaintiff, and that the judgment of the lower court was correctly rendered.
It is therefore ordered that the judgment appealed from be affirmed with costs.
Rehearing refused.